IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF CSMC 2019-RPL10 TRUST | § § § § § § § § § § § § § § | Civil Action No. 4:22-cv-00824 |
| Plaintiff, | | |
| v. | | |
| ISABEL RANGEL ROBLEDO, | | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CSMC 2019-RPL10 Trust ("Plaintiff" or "Wilmington"), Plaintiff, complaining of Defendant Isabel Rangel Robledo, files this *Original Complaint*, and respectfully shows the Court as follows:

### I.   PARTIES

1.   This suit is brought by Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CSMC 2019-RPL10 Trust, as holder of the Note and mortgagee of the Deed of Trust, as described further below.

2.   Decedent Inocencio Rangel Perez ("Decedent") was the borrower under the subject Loan Agreement and owner of the Property at issue in this action. Decedent died on or about August 21, 2017. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county in which he died. Accordingly,

there is no executor or administrator to be made party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code sections 101.001 and 101.051, Decedent's heirs at law ("Heirs") acquired all of Decedent's estate immediately upon his death. Each Heir is made a party in this proceeding pursuant to Texas Civil Practice and Remedies Code section 17.002.

4. Defendant Isabel Rangel Robledo is an heir and the surviving spouse of Decedent. She may be served at her residence at C. 20 de Noviembre 113, San Luis de La Paz, Guanajuato, Mexico. She may be served with process through the Hague Convention on Service Abroad of Judicial & Extrajudicial Documents. The Complaint and the summons will be translated into the Spanish language to provide copies to Defendant Isabel Rangel Robledo during personal service as required by the Hague Convention on Service Abroad of Judicial & Extrajudicial Documents. The Federal Rules of Civil Procedure provide 90 days to complete service of defendants, but do not specify a time limit for service on defendants in a foreign country. *See* FED. R. CIV. P. 4(m). Summons is requested.

## II.    PROPERTY

5. This proceeding concerns the following real property and improvements commonly known as 1435 Grayford Court, Houston, Texas 77073, and more particularly described as follows:

> LOT FIFTY-FIVE (55), BLOCK TWO (2) MEADOWVIEW FARMS SEC. 4, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP/PLAT RECORDED IN CLERK'S FILE NO. Z-011551, AND FILM CODE NO. 596091 MAP/PLAT RECORDS, HARRIS COUNTY, TEXAS. (the "Property".)

### III.     DIVERSITY JURISDICTION AND VENUE

6.     This Court has jurisdiction over the controversy under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

7.     Plaintiff Wilmington is not a citizen of Texas for diversity purposes and is considered a diverse party. Wilmington is the trustee of a traditional trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

8.     Defendant is an individual and resident of the country of Mexico.

9.     In this suit, Plaintiff seeks a declaratory judgment to foreclose on the Property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Harris County Appraisal District values the Property at $168,694.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

12. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1391(b)(2) because this suit concerns title to real property located in Harris County, Texas.

### IV.    SUMMARY OF FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On or about July 24, 2006, NuHome of Texas (the "Grantor") executed a Special Warranty Deed with Vendor's Lien Reserved and Assigned to Third Party Lender (the "Vesting Deed") conveying title of the Property to Decedent Inocencio Rangel. The Vendor's Lien and Vesting Deed were recorded on August 7, 2006, at the Official Records of Harris County as

Instrument No. Z510561. The lender was identified as Bank of America, N.A. ("Bank of America").

15. In consideration of the Vesting Deed executed by the Grantor, on or on about July 24, 2006, Decedent Inocencio Rangel ("Borrower") executed a Note ("Note") in the principal amount of $112,900.00 and originally payable to Bank of America.

16. As part of the loan agreement, the Borrower executed a Deed of Trust ("Deed of Trust" and together with the Note, the "Loan Agreement") which granted Bank of America a secured interest on the Property. The Deed of Trust was recorded on or about August 7, 2006, in the Official Records of Harris County as Instrument Number Z510563.

17. On or around November 19, 2014, Bank of America, assigned the Loan Agreement to Ventures Trust 2013-H-R by MCM Capital Partners, LLC ("Ventures"), as reflected in the Assignment of Deed of Trust, recorded on or about February 9, 2015, in the Official Records of Harris County, Texas as Instrument Number 20150053650.

18. On or September 20, 2017, Ventures assigned the Loan Agreement to Wilmington Savings Fund Society, FSB, DBA Christiana Trust, not individually but as trustee for Hilldale Trust as reflected in the Assignment of Deed of Trust, recorded on or about November 13, 2017, in the Official Records of Harris County, Texas as Instrument No. RP-2017-498398.

19. On or about September 23, 2019, Wilmington Savings Fund Society, FSB, DBA Christiana Trust, not individually but as trustee for Hilldale Trust assigned the Loan Agreement to DLJ Mortgage Capital, Inc. as reflected in the Assignment of Deed of Trust, recorded on or about October 15, 2019, in the Official Records of Harris County, Texas as Instrument No. RP-2019-457216.

20. On or about August 23, 2021, DLJ Mortgage Capital, Inc. assigned the Loan Agreement to Plaintiff as reflected in the Corporate Assignment of Deed of Trust, recorded on or about August 27, 2021, in the Official Records of Harris County, Texas as Instrument No. RP-2021-492003.

21. Wilmington is the current owner and holder of the endorsed in blank Note and thus has standing to enforce the Vendor's Lien. Also, Wilmington is the mortgagee of the Deed of Trust as that term is defined in section 51.0001 (4) of the Texas Property Code.

22. On or about August 21, 2017, Borrower passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Wilmington.

23. Under the terms of the Vesting Deed, an express Vendor's Lien was reserved and retained in favor of Wilmington to secure the payment of the Note. The Vesting Deed provided that the Vendor's Lien was transferred and assigned by the Grantor, without recourse to the lender to secure the payment of the Note. The Note is additionally secured by the Deed of Trust which contains provisions for foreclosure under power of sale.

24. Under the terms of the Loan Agreement, the Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

25. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by

selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

26. Borrower defaulted on his payment obligations under the terms of the Note. The Loan Agreement is currently due for the November 1, 2020, payment, and all subsequent monthly payments. Notice of Default and request to cure was provided in accordance with the Loan Agreement and the Texas Property Code on May 24, 2021.

27. The default was not cured, and the maturity of the debt was accelerated. Notice of Acceleration was provided in accordance with the Loan Agreement and the Texas Property Code on July 22, 2021. The entire balance is still outstanding.

28. Plaintiff brings this suit for declaratory judgment and foreclosure to it may enforce it security interest in the Property.

## V.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

31. Because material breach of the Loan Agreement, Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment for non-judicial foreclosure. Plaintiff is therefore entitled to and seeks judgment for its reasonable attorney's fees in this action, both

through trial and in the event of a subsequent appeal, as provided by the Deed of Trust signed by the Decedent, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### B. ENFORCEMENT OF STATUTORY PROBATE LIEN

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

34. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heir's interest

in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendant who has an interest in the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

39. The foregoing paragraphs are incorporated by reference for all purposes.

40.     In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

41.     As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F.    FORECLOSURE OF VENDOR'S LIEN

42.     The foregoing paragraphs are incorporated by reference for all purposes.

43.     In the alternative to Plaintiff's claim for non-judicial foreclosure, Plaintiff asserts a cause of action for judicial foreclosure of the Vendor's lien securing the Note. Under the terms of Vesting Deed, an express Vendor's Lien was reserved and retained in favor of the lender Bank of America to secure the payment of the Note. The Vesting Deed was executed by the Borrower. The Vesting Deed expressly provides that the Vendor's Lien was transferred and assigned by the Grantor, without recourse to the lender Bank of America to secure the payment of the Note.

44.     Accordingly, the lender, Bank of America, was subrogated to all the rights of the Grantor securing the payment of the Note and the Vendor's Lien is retained against the property until the Note and all interest are fully paid. Plaintiff is the current holder and owner of the Note.

45.     Plaintiff has fully performed its obligations under the Note; however, Borrower did not comply with the terms of the Note by failing to substantially perform material obligations required under its terms, principally, the payment of amounts due under the contract.

46. Plaintiff is entitled to judicial foreclosure of the Vendor's Lien securing the Note and an Order of Sale providing of the sale of the Property to satisfy the judgment rendered against the Defendants, plus the costs of such sale.

47. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Borrower's failure to comply with his obligations under the Note. Plaintiff is therefore entitled to and seeks judgment for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Deed of Trust signed by the Borrower. Plaintiff seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Defendant personally.

48. All conditions precedent to Plaintiff's right to enforce the Vendor's Lien, the Note and Deed of Trust and to obtain the relief requested herein have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit, not as a personal judgment against the Defendant, by only as an additional debt secured by the Security Instrument; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.


Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Admission No. 21340
Attorney in Charge
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Puerto Rico Bar No. PR20818
Southern District Admission No. 3504182
Of Counsel
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**